IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BRANDON HEARNS,**

    **Plaintiff,**

**v.**                                            **CIVIL ACTION NO. 1:05cv151**
                                                  **(Judge Keeley)**

**JIM RUBENSTEIN, Commissioner;**
**WILLIAM HAINES, Warden;**
**TOM RADFORD, Correctional Officer;**
**THE W.VA. DIVISION OF CORRECTIONS;**
**NATIONAL UNION FIRE INSURANCE CO. OF PA,**

    **Defendants,**

## REPORT AND RECOMMENDATION

On November 18, 2005, plaintiff initiated this case be filing a civil rights complaint under 42 U.S.C. §1983 and the Federal Tort Claims Act. Plaintiff is proceeding *pro se* and *in forma pauperis*. This case is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.01, et seq., and 28 U.S.C. §§ 1915(e) and 1915(A).

**I. The Complaint[1]**

In the complaint the plaintiff asserts that he entered the Huttonsville Correctional Facility [hereinafter referred to as "Huttonsville"] on or about February 26, 2004. Shortly after he entered Huttonsville, he was placed in a special treatment united known as the G-1 Unit. The plaintiff claims

---

[1] On January 17, 2006, the plaintiff filed a Motion For Leave To File An Amended Complaint and attached an Amended Complaint which recited the original complaint verbatim plus added an additional claim. By order dated July 27, 2006, the plaintiff's motion to amend was granted as a matter of course pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, and the Amended Complaint was filed as Document number 20. All references to the Complaint in this Report and Recommendation refer to the contents of the Amended Complaint.

that because he had received threats from a fellow inmate, Marcus Fleming, who was also housed in the G-1 Unit, that he requested that the defendants move him to a different dormitory. The plaintiff further claims that on June 24, 2004, at approximately 2:00 a.m., while he was sleeping, he was viciously assaulted by Marcus Flemming, who was wielding a clothes iron. The plaintiff further claims that only one guard (Defendant Radford) was on duty in the G-1 dayroom at the time of the attack. In addition, the plaintiff alleges that the clothes iron was left unsecured in an unlocked cabinet in full view of the security station. As a result of this attack, the plaintiff claims that he received multiple stitches to his face, permanent damage to his eye, severe headaches, and recurring nightmares. Finally, the plaintiff alleges that he was denied further medical treatment following the initial treatment he received immediately following the attack.

The plaintiff alleges that on November 25, 2005, while he was sleeping in his cell, he was viciously attacked by another inmate, Eric Congleton[2]. As a proximate result of this attack, the plaintiff alleges that he received multiple stitches to his face, additional damage to his eye, severe headaches, and recurring nightmares. Again, the plaintiff alleges that he was denied further medical treatment following the initial treatment following the attack.

## II. Claim of the Complaint

Based on the aforementioned facts, the plaintiff asserts the following grounds for relief:

(1) the defendants, Rubenstein, Haines, Radford, and the Division of Corrections and their officers, agents, assistants and employees individually and collectively were grossly negligent and

---

[2]The plaintiff maintains that when this second attack occurred, he was housed in Unit E-2, a special treatment unit. He further maintains that he was placed in that unit for his own protection because of his susceptibility to physical attack from other prisoners of the general population. However, the plaintiff notes that Unit E-2 houses inmates classified as being predators and/or having behavioral problems

deliberately indifferent to the plaintiff's safety and well being all in violation of the 8th Amendment; and

(2) the defendants, Rubenstein, Haines, Radford, and the Division of Corrections and their officers, agents, assistants and employees individually and collectively failed to provide adequate follow-up medical treatment to the plaintiff and thereby failed to prevent permanent brain and eye damage.

### III. STANDARD OF REVIEW

Because plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must view the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. §1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. §1915(e).

A complaint is frivolous if it is without merit either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim under Fed.R.Civ.P. 12( b)(6) is not automatically frivolous. See Neitzke at 328. Section 1915(e) dismissals should only be ordered when the legal theories are "indisputably meritless,"[3] or when claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25.32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble,

---
[3] Id. at 327.

3

429 U.S. 97, 106 (1976).

**IV. Analysis**

A. Deliberate Indifference

The Eighth Amendment imposes a duty on prison officials "to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennen, 511 U.S. 825, 833 (1994). "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society." Id at 834 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). "For a claim based on failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm," and that the prison officials acted with "'deliberate indifference' to inmate health or safety." Id. The Supreme Court left open the point at which a risk of inmate assault becomes sufficient for Eighth Amendment purposes. Id. n3. However, the Supreme Court held that "[a] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions unless the official knows of and disregards an excessive risk to immediate health or safety; the official must be both aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

To state a claim under the Eighth Amendment for ineffective medical assistance, the plaintiff must show that the defendants acted with deliberate indifference to his serious medical needs. Estelle, supra at 104.[4] In order to establish an Eighth Amendment violation, a prisoner must prove two elements: (1) that objectively the deprivation of a basic human need was "sufficiently serious," and (2) that subjectively the prison official acted with a "sufficiently culpable state of

---

[4]The cruel and unusual punishment clause of the Eighth Amendment applies to the States through the Due Process Clause of the Fourteenth Amendment to the United States Constitution. See Wilson v. Seiter, 501 U.S. 294 (1991).

4

mind." Wilson v. Seiter, 501 U.S. 294, 298 (1991).

With regard to claims of inadequate medical attention, the objective component is satisfied by a serious medical condition. A medical condition is "serious" if "it is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir.1990), *cert. denied*, 500 U.S. 956 (1991); Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3rd Cir.1987), *cert. denied,* 486 U.S. 1006 (1988).[5] A medical condition is also serious if a delay in treatment causes a life-long handicap or permanent loss. Monmouth 834 F.2d at 347.

The prisoner may satisfy the subjective component of a "cruel and unusual punishment" claim by showing deliberate indifference by prison officials. Wilson, 501 U.S. at 303. "[D]eliberate indifference entails something more than mere negligence [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835 (1994). Basically, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. "[A]cting or failing to act with deliberate

---

[5] The following are examples of what does or does not constitute a serious injury. A rotator cuff injury is not a serious medical condition. Webb v. Prison Health Services, 1997 WL 298403 (D. Kan.1997). A foot condition involving a fracture fragment, bone cyst and degenerative arthritis is not sufficiently serious. Veloz v. New York, 35 F.Supp.2d 305, 312 (S.D.N.Y. 1999). Conversely, a broken jaw is a serious medical condition. Brice v. Virginia Beach Correctional Center, 58 F. 3d 101 (4th Cir. 1995); a detached retina is a serious medical condition. Browning v. Snead, 886 F. Supp. 547 (S.D. W. Va. 1995). And, arthritis is a serious medical condition because the condition causes chronic pain and affects the prisoner's daily activities. Finley v. Trent, 955 F. Supp. 642 (N.D. W.Va. 1997).

indifference to a substantial risk to a prisoner is the equivalent of recklessly disregarding that risk." Id. at 836. A prison official is not liable if he "knew the underlying facts but believed (albeit unsoundly) that the risk to which the fact gave rise was insubstantial or nonexistent." Id. at 844.

Based on the facts now before the Court, the undersigned finds that summary dismissal of the plaintiff's Eighth Amendment claims is not warranted and that the defendants should be ordered to respond to the complaint.

B. Federal Tort Claims

The FTCA waives the federal governments' traditional immunity from suit for claims based on the negligence of its employees. 28 U.S.C. §1346(b)(1). "The statute permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." Medina v. United States, 258 F.3d 220, 223 (4th Cir. 2001). Therefore, in order to state a claim under the FTCA, the plaintiff must allege that the conduct of which he complains was committed by a federal employee. F.D.I.C. v. Meyer, 510 U.S. 471, 477 (to be actionable under §1346(b) and §1379(b), the claim must be caused by the wrongful act of an employee of the Federal Government). In this case, none of the named defendants are federal employees. Accordingly, the plaintiff may not maintain an FTCA claim and the same should be dismissed without prejudice.

**V. Recommendation**

In consideration of the foregoing, it is the undersigned's recommendation that the plaintiff's FTCA claim be dismissed without prejudice. Otherwise the undersigned recommends that the amended complaint (Doc. 20) not be summarily dismissed and that the defendants be SERVED with a copy of the amended complaint so they can respond to the claims made against them.

6

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.[6]

The Clerk of Court is directed to mail a copy of this Recommendation to the *pro se* plaintiff and any counsel of record.

DATED: August 22, 2006

                                                /s/ James E. Seibert
                                                JAMES E. SEIBERT
                                                UNITED STATES MAGISTRATE JUDGE

---

[6] 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985)