IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


BRANDON HEARNS,

        Plaintiff,


v.                        //        CIVIL ACTION NO. 1:05CV151
                                          (Judge Keeley)


JIM RUBENSTEIN, Commissioner,
WILLIAM HAINES, Warden,
TOM WRATCHFORD,[1] Correctional Officer,
WEST VIRGINIA DIVISION OF
CORRECTIONS, NATIONAL UNION FIRE
INSURANCE COMPANY OF PENNSYLVANIA,

        Defendants.

ORDER ADOPTING MAGISTRATE JUDGE'S JULY 10, 2007
REPORT AND RECOMMENDATION

        On November 18, 2005, pro se plaintiff Brandon Hearns, a

state inmate at the Huttonsville Correctional Facility

("Huttonsville"), Randolph County, West Virginia, filed a civil

rights complaint under 42 U.S.C. §1983 and the Federal Tort Claims

Act ("FTCA").[2] On July 27, 2006, he filed an amended complaint. In

his amended complaint, Hearns alleges that he was severely beaten

_____

        [1] Defendant Tom Wratchford has replaced "Tom Radford" in the style of
this case as it appears from the record before the Court that no employee
named Tom Radford worked for the West Virginia Department of Corrections at
the time of the events alleged in the plaintiff's amended complaint.

        [2] Hearns is no longer an inmate at the Huttonsville facility. He now
resides at the Stevens Correctional Center.

by other inmates on two separate occasions after being placed in special treatment units within the Huttonsville facility. He claims, consequently, that the defendants were grossly negligent and deliberately indifferent to his safety and well being, that they failed to provide him with adequate follow-up medical treatment, and that their negligence and deliberate indifference failed to prevent the permanent brain and eye damage from which he now suffers, all in violation of the Eighth Amendment to the United States Constitution and the Federal Torts Claim Act.

After conducting an initial review of Hearns's amended complaint, on August 22, 2006, United States Magistrate Judge James E. Seibert issued a Report and Recommendation ("R&R") recommending that Hearns's FTCA claims be dismissed because no defendant was a federal employee and that Hearns's remaining § 1983 claims be served on the defendants. With no objection from the parties, the Court adopted the magistrate judge's R&R on November 3, 2006. Thereafter, the Clerk's Office served Hearns's amended complaint on the defendants.

On November 27, 2006, defendant National Union Fire Insurance Company of Pennsylvania ("National Union") filed a motion to dismiss the amended complaint against it, asserting that, beyond

identifying it as the insurer of the West Virginia Department of Corrections ("WVDOC"), Hearns failed to allege any claims against it. That same day the remaining defendants, Jim Rubenstein, William Haines, Tom Wratchford, and the WVDOC (collectively "the DOC" defendants), filed their answer to Hearns's amended complaint. Subsequently, on December 20, 2006, those defendants filed their motion for summary judgment with regard to Hearns's claims against defendant Wratchford, asserting that Wratchford was not working in the Unit where the plaintiff was housed on the night of the first alleged assault and was not working at the Huttonsville facility at all on the night of the second alleged assault.

Following the expiration of the briefing period for the defendants' respective motions, on July 10, 2007, Magistrate Judge Seibert issued a R&R recommending that National Union's motion to dismiss be granted because Hearns makes no specific allegations against National Union. He also recommended that the DOC defendants' motion for summary judgment be denied because questions of fact exist with regard to defendant Wratchford's whereabouts at the times of the alleged events. Further, he recommended that the Court enter a Scheduling Order to address the progression of Hearns's Eighth Amendment claims in this litigation.

## ORDER ADOPTING MAGISTRATE JUDGE'S JULY 10, 2007
### REPORT AND RECOMMENDATION

---

The Magistrate Judge's Report and Recommendation also specifically warned that failure to timely object to the recommendations would result in the waiver of the parties' rights to appeal any judgment of the Court based on those recommendations. The parties filed no timely objection to the R&R.[3]

Consequently, the Court **ADOPTS** the Report and Recommendation in its entirety (doc. no. 40), **GRANTS** defendant National Union Fire Insurance Company of Pennsylvania's motion to dismiss (doc. no. 33)**, DENIES** the DOC defendants' motion for summary judgment with regard to the claims against defendant Wratchford (doc. no. 34), and **ORDERS** the parties to appear by telephone for scheduling conference on Hearns's remaining Eighth Amendment claims on **October 16, 2007 at 9:30 a.m.** Further, the Court **DIRECTS** counsel for the defendants to initiate the conference call to **(304) 624-5850** and insure that the plaintiff appears on the call in person or by counsel.

It is so **ORDERED**.

---

[3] The parties' failure to object to the Magistrate Judge's recommended rulings not only waives any appellate rights on the issues raised but also relieves the Court of any obligation to conduct a <u>de novo</u> review of those issues. <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 148-153 (1985); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 199-200 (4th Cir. 1997).

### ORDER ADOPTING MAGISTRATE JUDGE'S JULY 10, 2007
### REPORT AND RECOMMENDATION

---

The Clerk is directed to mail a copy of this Order to the <u>pro</u> <u>se</u> plaintiff via certified mail, return receipt requested and transmit a copy of this Order to counsel of record.

Dated: August 2, 2007.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE