IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BRANDON HEARNS,

        Plaintiff,

v.                        Civil Action No. 1:05cv151
                               (Judge Keeley)

JIM RUBENSTEIN, Commissioner,
WILLIAM HAINES, Warden,
TOM WRATCHFORD, Correctional Officer,
WEST VIRGINIA DIVISION OF CORRECTIONS,
NATIONAL UNION FIRE INSURANCE
COMPANY OF PENNSYLVANIA,

        Defendants.


## <u>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTED COUNSEL</u>

The issue before the Court is the plaintiff's motions for appointment of counsel, filed on November 5, 2007 and January 4, 2008.[1]  In support of these motion, the plaintiff asserts that he is "ignorant to the law."  In addition, the plaintiff asserts he "do[es] not feel like [he] can win this by [him]self."

In contrast to criminal proceedings, appointment of counsel in a civil case is not a constitutional right; it is a decision within the Court's discretion.  See 28 U.S.C. § 1915(e)(1).  The Court should request counsel to represent an indigent only after a showing of a particular need or exceptional circumstances.  Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975).  "The question of whether such circumstances exist in any

---

[1]  The motions are actually in the form of letters requesting counsel, but this Court will treat them a motions for the purposes of consideration.

**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTED COUNSEL**

particular case hinges on characteristics of the claim and the litigant." <u>Whisenant v. Yuam</u>, 739 F.2d 160, 163 (4th Cir 1984).

In this case, the Court finds that the plaintiff has failed to show a particular need or exceptional circumstances which would require the assistance of a trained practitioner. Therefore, the plaintiff's motions for appointed counsel (dkt. nos. 51 & 56) are **DENIED.**

It is so **ORDERED.**

The Clerk is directed to mail a copy of this Order to the *pro se* plaintiff.

DATED: January 10, 2008.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE